■ The People of the State of New York, Respondent, v Thomas Picone, Appellant. — Appeal by defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered September 7, 1983, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Defendant's motion to suppress approximately five ounces of cocaine recovered as a result of a warrantless search of his automobile was properly denied. Where the police stop an automobile based upon probable cause to believe that contraband is concealed therein, they may conduct an immediate warrantless search of the vehicle as thorough as a magistrate could have authorized in a warrant (*United States v Ross,* 456 US 798).

On June 27, 1982, the police received information from an informant that either that evening or the following morning at about 9:00 or 10:00 A.M., defendant would be driving from his home in Putnam County to Long Island to procure a quantity of cocaine from his source. The informant told them that defendant, when returning, would have the cocaine either on the front seat or in the trunk, and would probably carry it in his suit jacket pocket. Defendant was seen leaving his house at approximately 10:15 A.M. on June 28, 1982 and he returned at approximately 2:15 P.M. the same day. As defendant approached his home, his vehicle was stopped and searched and approximately five ounces of cocaine were recovered from the pocket of defendant's jacket which was in the trunk of the car.

Defendant contends that the information provided by the informant was not sufficient to establish the existence of probable cause.

It was once well settled that in order to rely on the information provided by a confidential informant for purposes of establishing probable cause, the prosecution must present evidence to establish (1) the circumstances under which the officer concluded that the informant was reliable and credible, and (2) the underlying circumstances from which the informant concluded that illegal activities were taking place (*Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). The stringent two-prong *Aguilar-Spinelli* test has apparently been diluted or replaced by the United States Supreme Court's recent decision in *Illinois v Gates* (462 US 213), wherein it reverted to the

"totality of the circumstances" approach in reviewing the reliability of information provided by a confidential informant. Therein, the Supreme Court, in an opinion by Justice Rehnquist, stated, "[t]his totality-of-the-circumstances approach is far more consistent with our prior treatment of probable cause than is any rigid demand that specific 'tests' be satisfied by every informant's trip" (*Illinois v Gates, supra,* pp 230-231). We need not decide, however, whether the *Aguilar-Spinelli* test is still the law of New York or whether it has been changed or replaced in this State by the "totality of the circumstances" approach, since the police herein were justified in relying upon the informant's information under either of the tests for determining the existence of probable cause (*see, People v Santana,* 106 AD2d 523).

At bar, the informant had successfully made a purchase of cocaine from defendant for the police a few days earlier, thus establishing that he was worthy of belief and that he was not merely reporting rumors or suspicious activity (*see, People v Comforto,* 62 NY2d 725; *People v Rodriguez,* 52 NY2d 483). Further, the informant's tip provided the police with a number of details regarding defendant's trip to his supplier which were confirmed by their observations. Thus, we are satisfied that the police justifiably relied upon the informant's tip.

We have examined defendant's remaining contention and find it to be without merit. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.