(May 28, 1985)

■ HILARY PHILIPPSON et al., as Executors of MAX PHILIPPSON, Deceased, Appellants-Respondents, v HEXALON REAL ESTATE, INC., Defendant, and ARTHUR ANDERSEN & Co., Respondent-Appellant. — Order, Supreme Court, New York County (Alan J. Saks, J.), entered August 15, 1984, which, *inter alia,* denied the motion of defendant Arthur Andersen & Co. to dismiss the causes of action asserted against it and further severed and stayed those causes of action, unanimously modified, on the law, on the facts and in the exercise of discretion, so as to vacate the severance and stay as to defendant Arthur Andersen & Co. and to dismiss plaintiffs' claim for punitive damages, and, as modified, affirmed, without costs.

Pursuant to a leasing agreement executed in 1969, decedent Max Philippson became entitled, for a 30-year period, to 20% of the net income of a certain real estate project consisting of the State Street Bank Building in Boston, Massachusetts. In 1977, defendant Hexalon Real Estate, Inc. (Hexalon) fully assumed the obligations to Philippson under the leasing agreement, which expressly required Hexalon to retain a firm of certified public accountants to determine the annual net income of the project on a yearly basis. The annual report was to be prepared "in accordance with generally accepted accounting principles and the provisions of [the leasing agreement]" and was to be rendered to Philippson within 75 days after the close of each year.

In 1982, Hexalon paid SSB Realty, Inc. $21,750,000 as consideration for the relinquishment of an option to purchase the entire project. Hexalon deducted this payment and other related expenses from the gross income of the project, resulting in a net loss of $20,200,000 for the year 1982, and consequently no payment to the Philippson estate. Without these deductions, the project's net income would have been approximately $1,600,000 and the estate entitled to $330,000. Furthermore, carryover loss provisions threaten future estate payments for the remainder of the term of the leasing agreement.

With regard to defendant Arthur Andersen & Co. (Andersen), the plaintiffs allege in their second cause of action that Andersen, *inter alia,* failed to prepare the 1982 statement of net annual income in accordance with generally accepted accounting principles and improperly deducted the $21,750,000 payment to SSB Realty, Inc. from the project's gross income. Plaintiffs' third cause of action alleges that Andersen's actions consti-

tute tortious interference with the leasing agreement. We agree with Special Term that plaintiffs have stated valid causes of action against Andersen. However, we cannot conclude at this juncture that plaintiffs are not third-party beneficiaries of the agreement between Hexalon and Andersen. This agreement is not a part of the record on this appeal. More importantly, in a letter dated August 15, 1983 to the estate of Philippson, Hexalon stated that, "we requested Arthur Andersen & Co to prepare a statement detailing any amounts which may be due [to the estate]." Giving plaintiffs the benefit of every favorable inference, it is conceivable that Andersen knew by the terms of its retention and the leasing agreement itself that it was to determine any benefit payable to the estate. This would be sufficient to confer third-party beneficiary status upon the plaintiffs. (*Glanzer v Shepard,* 233 NY 236.) Inasmuch as Andersen's motion is addressed to the face of the pleadings, it is unnecessary to determine this issue at present. Defendant may contest all theories of liability alleged by plaintiffs by motion subsequent to discovery proceedings.

Plaintiffs' claim for punitive damages is dismissed. Plaintiffs have failed to allege conduct rising to the requisite level of moral culpability to warrant punitive damages. (*Walker v Sheldon,* 10 NY2d 401.) Moreover, the action seeks to rectify an alleged private wrong, not one involving the public at large. (*J.G.S., Inc. v Lifetime Cutlery Corp.,* 87 AD2d 810.) While Special Term's denial of Andersen's motion to dismiss the claim for punitive damages was without prejudice to renewal after discovery, in light of the present lack of a sufficient foundation for any such award, we deem it appropriate to grant that branch of the defendant's application.

Moreover, Special Term erred in sua sponte severing and staying the action against Andersen. There is a predominance of common factual and legal issues presented by plaintiffs' claims against Hexalon and Andersen. Indeed, Hexalon asserts as a defense that the determination of Andersen with respect to the propriety of the deduction of $21,750,000 was binding upon the parties, and Andersen has indicated that it relied on the opinion of Hexalon's counsel in making their determination. Under the circumstances, severance will not avoid confusion, delay, or prejudice. Indeed, in light of the defenses interposed, severance raises the possibility of inconsistent verdicts with respect to liability. We therefore find that the severance and stay of plaintiff's claims against Andersen was improvident. (*See, Shanley v Callanan Indus.,* 54 NY2d 52.) Concur — Murphy, P. J., Ross, Bloom, Milonas and Kassal, JJ.