■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD HARRIS, Appellant. [639 NYS2d 427] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered April 7, 1993, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress lineup identification testimony.

Ordered that the judgment is affirmed.

It is fundamental that in order to effectuate a warrantless arrest, the police must have probable cause. While probable cause does not require the same quantum of proof necessary to support a conviction *(People v White,* 117 AD2d 127, 131), it does require sufficiently specific and detailed description and circumstances that would lead a police officer to reasonably conclude that the defendant was the perpetrator of the crime *(see, People v Banks,* 208 AD2d 759, 760; *People v Dawkins,* 163 AD2d 322, 324).

We find that under the circumstances, the hearing court properly concluded that the police possessed probable cause to arrest the defendant in connection with an armed robbery *(see, People v Mojica,* 171 AD2d 698).

We have considered the defendant's remaining contention

and find it to be without merit. Rosenblatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.