■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE CAMERON ANGLIN, Appellant. [699 NYS2d 130] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered June 23, 1998, convicting him of reckless endangerment in the first degree and attempted unlawful imprisonment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of reckless endangerment in the first degree beyond a reasonable doubt. The defendant demonstrated a depraved indifference to human life and created a grave risk of death to others by chasing the complainant in his car at high speeds along a narrow, dangerous road, passing her, and then coming to a complete stop in front of her car, forcing her to brake suddenly (*see,* Penal Law § 120.25; *People v Walker,* 258 AD2d 541). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention is without merit. Ritter, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL BELASQUEZ, Appellant. [698 NYS2d 899] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sampson, J.), rendered January 28, 1998, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to support his conviction of attempted robbery in the first degree since the evidence failed to satisfy that element of Penal Law § 160.15 (4) which requires that a defendant "[d]isplay what appears to be a * * * firearm". This claim is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *see also, People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245), and we decline to review it in the exercise of our interest of justice jurisdiction. O'Brien, J. P., Altman, Luciano and Smith, JJ., concur.