■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDE FRANCIS, Appellant. [843 NYS2d 419]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered April 29, 2005, convicting him of rape in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was convicted of forcibly robbing and raping the complainant at approximately 5:00 A.M. on April 12, 2003, while the complainant was walking to the subway to go to work. Within minutes of receiving a radio transmission of a crime in progress, Police Officers Panzella and Lendemann responded to the area. They observed the defendant, who was partially undressed with his pants "half down to his ankles," and the complainant, who was crying and yelling that she was being raped. Police Officer Panzella observed the defendant's face for a matter of seconds before he fled, and noticed that he was wearing a black jacket and boots.

Officer Panzella chased the defendant across a porch, up a fence, and onto a rooftop, where Panzella remained after losing sight of the defendant. Two additional police officers arrived at the scene and spoke to the complainant. Additional radio descriptions of the perpetrator were broadcast as well as requests for aviation and canine units. Officers from the Emergency Services Unit and Police Officer Saunier of the Emergency Services Canine Unit, joined the search for the defendant. Officer Saunier knew that they were looking for the perpetrator of a sexual assault, but he was never given a description of the defendant.

Suspecting that the defendant was in an abutting lot to the crime scene surrounded by a locked fence, Saunier, on the scene with Officer Lendemann, called out that he had a trained dog, who was going to be released if anyone in the lot did not come out. There was no response and the dog was released. The dog retrieved a blue Timberland work boot which, according to Lendemann, matched another boot found at the crime scene. The dog was thereafter redeployed to search the same lot and found the defendant, without shoes, hiding under a pile of debris. The defendant was placed under arrest.

After a joint *Dunaway, Mapp,* and *Huntley,* hearing (*see Dunaway v New York* , 442 US 200 [1979]; *Mapp v Ohio,* 367 US 643 [1961]; *People v Huntley,* 15 NY2d 72 [1965]), the Supreme Court denied those branches of the defendant's omnibus motion which were to suppress the property recovered from him and the subsequent statements he made to investigators. On appeal, the defendant challenges, inter alia, the probable cause for his arrest. We affirm.

"Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" and that the person being arrested committed the crime or offense (*People v Bigelow,* 66 NY2d 417, 423 [1985]; *People v McRay,* 51 NY2d 594, 602 [1980]; *People v De Bour,* 40 NY2d 210, 223 [1976]; *People v Harris,* 224 AD2d 711 [1996]). That legal conclusion is to be made after considering "all of the facts and circumstances together" (*People v Bigelow,* 66 NY2d at 423). The probable cause determination of the hearing court, which had the advantage of hearing and seeing the witnesses firsthand, is to be accorded great weight on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo,* 41 NY2d 759, 761 [1977]; *People v Stevens,* 43 AD3d 1088 [2007]; *People v Rios,* 11 AD3d 641, 642 [2004]; *People v Cameron,* 6 AD3d 546 [2004]).

Under all of the facts and circumstances of this case (*see People v Bigelow,* 66 NY2d at 423), the police possessed probable cause to arrest the defendant (*see People v Ramirez-Portoreal,* 88 NY2d 99, 113-114 [1996]; *People v McPherson,* 300 AD2d 194 [2002]; *People v Turner,* 295 AD2d 545 [2002]), and the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress the physical evidence obtained and statements made to police officers after his arrest (*see People v Nealy,* 32 AD3d 400, 401 [2006]; *People v Vasquez,* 291 AD2d 465 [2002]).

The defendant's contention that the evidence was legally insufficient to support his conviction of robbery in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Belasquez,* 266 AD2d 557 [1999]), and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant's remaining contention is without merit. Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.