THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. HENDERSON, Appellant. [868 NYS2d 299]—

"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (*People v Hernandez*, 40 AD3d 777, 778 [2007]). " 'Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place' and that the person being arrested committed the crime or offense" (*People v Francis*, 44 AD3d 788, 789 [2007], quoting *People v Bigelow*, 66 NY2d 417, 423 [1985]). "That legal conclusion is to be made after considering 'all of the facts and circumstances together' " (*People v Francis*, 44 AD3d at 789, quoting *People v Bigelow*, 66 NY2d at 423). The hearing court had the advantage of hearing and seeing the witnesses firsthand, and thus its probable cause determination is to be accorded great weight on appeal, and "will not be disturbed unless clearly unsupported by the record" (*People v Francis*, 44 AD3d at 789; *see People v Prochilo*, 41 NY2d 759, 761 [1977]).

Here, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence discovered in a container in the trunk of his vehicle. The evidence at the suppression hearing established that, on August 22, 2005, at the direction of police, a confidential informant placed a telephone call to a number he had, ordered a quantity of crack cocaine, and arranged to acquire the narcotics at a designated location. The defendant arrived at the designated location and sold a quantity of crack cocaine to the confidential informant from the trunk of his vehicle. On August 26, 2005 the same confidential informant ordered the same quantity of crack cocaine from the same telephone number. The defendant arrived at the same location in the same vehicle. Additionally, after he exited the vehicle and began to walk away, police observed him depositing an envelope into a trash can. The envelope was subsequently recovered by police, and it contained what appeared to be marijuana. Under these circumstances, the police had probable cause to arrest the defendant (*see generally People v Francis*, 44 AD3d at 789; *cf. People v Picone*, 108 AD2d 932 [1985]).

Moreover, "the very circumstances that supply probable cause for the arrest may also give the police probable cause to believe that the vehicle contains contraband, evidence of the crime, a weapon or some means of escape. If so, a warrantless search of the vehicle is authorized, not as a search incident to arrest, but rather as a search falling within the automobile exception to the warrant requirement" (*People v Blasich,* 73 NY2d 673, 678 [1989]; *see People v Belton,* 55 NY2d 49, 53-55 [1982]; *People v Quagliata,* 53 AD3d 670, 671-672 [2008]). " '[W]here police have validly arrested an occupant of an automobile, and they have reason to believe that the car may contain evidence related to the crime for which the occupant was arrested or that a weapon may be discovered or a means of escape thwarted, they may contemporaneously search the passenger compartment, including any containers found therein' " (*People v Blasich,* 73 NY2d at 678-679, quoting *People v Belton,* 55 NY2d at 55). Under the circumstances presented here, the police were justified in searching not only the passenger compartment of the defendant's vehicle, but the trunk thereof, and a container found therein. Based on the August 22, 2005 transaction and the similar circumstances presented on August 26, 2005 the police had reason to believe that narcotics were concealed in the trunk of the defendant's vehicle. The justification for the search was bolstered by the presence of a bag containing what appeared to be marijuana in·plain view in the vehicle's passenger compartment (*see People v Cruz,* 7 AD3d 335, 337 [2004]). Moreover, "[t]he fact that the search of the car was conducted after the vehicle had been brought to the police station does not dissipate the justification for a warrantless search conducted upon probable cause pursuant to the automobile exception" (*People v Williams,* 173 AD2d 663, 664 [1991]; *see People v Blasich,* 73 NY2d at 681).

With regard to the defendant's statement to a law enforcement official, "[t]he credibility determinations of the [hearing] [c]ourt, which saw and heard the witnesses at the suppression hearing, are entitled to great weight on appeal, and will not be disturbed unless they are unsupported by the record" (*People v Timmons,* 54 AD3d 883, 885 [2008]; *see People v Prochilo,* 41 NY2d at 761). Based on the evidence presented at the hearing, we find that the defendant's spontaneous statement, made after a police officer arrested him but before *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]) were administered, was not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration from him (*see People v Whyte,* 47 AD3d 852, 853 [2008]; *People .v Baliukonis,* 35 AD3d 626 [2006]). Accordingly, the hearing court

properly denied that branch of the defendant's omnibus motion which was to suppress his statement to a law enforcement official.

Review of the remaining contentions raised in the defendant's supplemental pro se brief was forfeited by his plea of guilty. Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.