THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL JAMES, Appellant. [898 NYS2d 635]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered August 14, 2007, convicting him of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal trespass in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

"At a suppression hearing, the prosecution has the initial burden of going forward with evidence to demonstrate the legality of the police conduct in the first instance" (*People v Moses*, 32 AD3d 866, 868 [2006]; *see People v Berrios*, 28 NY2d 361, 367 [1971]; *People v Thomas*, 291 AD2d 462, 463 [2002]). Since

the description of the defendant, though limited, was broadcast to police units near the scene, the stop by the backup police unit that occurred at approximately 4:00 A.M. at a distance of no more than four houses away from the crime scene and within two minutes of the call by the witness to the 911 operator was, under the totality of the circumstances, justified (*see People v Hines*, 46 AD3d 912 [2007]). The prosecution presented sufficient evidence to establish that the defendant was lawfully stopped and detained before being identified by the complainant (*see People. v De Bour*, 40 NY2d 210 [1976]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony (*see People v Bennett*, 37 AD3d 483, 484 [2007]; *People v Gil*, 21 AD3d 1120, 1121 [2005]; *People v Green*, 10 AD3d 664 [2004]; *People v Holland*, 4 AD3d 375, 376 [2004]).

A challenge to the prosecutor's comments in summation concerning the defendant's contention that he had found the money which the police discovered in his possession is unpreserved for appellate review, as the defendant failed to object to those remarks at the trial (*see People v Boyce*, 54 AD3d 1052 [2008]; *People v Philbert*, 60 AD3d 698 [2009]; *People v Dashosh*, 59 AD3d 731 [2009]). In any event, the prosecutor's remarks either were fair comment upon the evidence or constituted a fair response to arguments presented in the summation by defense counsel (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v White*, 5 AD3d 511 [2004]).

The failure of the defendant's attorney to object to the prosecutor's summation, seek curative instructions, or move for a mistrial did not constitute ineffective assistance because counsel need not "make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004]). The defendant was afforded meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur.