■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BLINKER, Appellant. [915 NYS2d 593]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (McKay, J.), rendered September 11, 2007, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a weapon in the third degree (two counts), criminally using drug paraphernalia in the second degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence seized after his arrest on July 12, 2006, and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in denying that branch of his motion which was to suppress the physical evidence seized from his person after his arrest on July 12, 2006, on the basis that the police officer lacked probable cause to arrest him. The police officer, an experienced and specially trained member of the Street Narcotics Enforcement Unit, testified at the suppression hearing that he observed the exchange of money and a small object between the defendant and another individual at a location known for high drug activity. The police officer also testified that when he made eye contact with the defendant, the defendant walked between two parked cars and made a downward throwing motion, discarding a small object underneath the bumper of a car. The police officer retrieved the object, which appeared to be a twist of crack cocaine.

Contrary to the defendant's contention, the hearing court did not err in denying that branch of his omnibus motion which was to suppress physical evidence seized after his arrest on July 12, 2006. "On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (*People v Hernandez*, 40 AD3d 777, 778 [2007]). The credibility determinations of the hearing court "are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (*People v Baliukonis*, 35 AD3d 626, 627 [2006]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Castro*, 73 AD3d 800 [2010]; *People v Lynch*, 63 AD3d 959 [2009]; *People v Shackleford*, 57 AD3d 578 [2008]; *People v Whyte*, 47 AD3d 852 [2008]). Here, the police officer's testimony was not incredible or otherwise unworthy of belief. Further, the evidence presented at the suppression hearing was sufficient to support the hearing court's conclusion that the police officer had probable cause to arrest the defendant on July 12, 2006, and, therefore, the search

incident to that arrest was lawful (*see People v Jones*, 90 NY2d 835, 837 [1997]; *People v McRay*, 51 NY2d 594, 601-602 [1980]; *People v Williams*, 69 AD3d 663 [2010]; *People v Powell*, 32 AD3d 544 [2006]). Accordingly, we discern no basis to disturb the hearing court's determination denying that branch of the defendant's omnibus motion which was to suppress physical evidence seized after his arrest on July 12, 2006.

The defendant's contentions regarding the prosecution's opening and closing statements are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dunn*, 54 AD3d 871 [2008]). In any event, the challenged remarks constituted fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109 [1976]), were responsive to arguments presented in the defense counsel's summation (*see People v Galloway*, 54 NY2d 396, 400-401 [1981]; *People v Brown*, 60 AD3d 962 [2009]; *People v Baker*, 251 AD2d 592 [1998]), or were harmless (*see People v Crimmins*, 36 NY2d 230, 240-241 [1975]).

The defendant's remaining contentions are without merit. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.