■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUASII GRANT, Appellant. [921 NYS2d 285]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered April 20, 2009, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was ineffective. Although the defendant concedes that he executed a written waiver of his right to appeal, the Supreme Court's failure to make any inquiry on the record as to whether the de-

fendant understood the implication of the appellate rights he was waiving renders the waiver invalid (*see People v DeSimone*, 80 NY2d 273, 283 [1992]; *People v Bradshaw*, 76 AD3d 566, 569-570 [2010], *lv granted* 15 NY3d 896 [2010]; *cf. People v Ramos*, 7 NY3d 737 [2006]).

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the gun recovered from his person during a traffic stop. On a motion to suppress evidence, the defendant bears the ultimate burden of proof when challenging the legality of a search and seizure (*see People v Whitehurst*, 25 NY2d 389, 391 [1969]), but the People bear the initial burden of showing the legality of the police conduct (*id.* at 391; *see People v Blinker*, 80 AD3d 619 [2011]; *People v James*, 72 AD3d 844 [2010]; *People v Henderson*, 57 AD3d 562, 563 [2008]). The hearing court's credibility determinations are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Mateo*, 2 NY3d 383, 414 [2004], *cert denied* 542 US 946 [2004]; *People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Blinker*, 80 AD3d 619 [2011]; *People v Henderson*, 57 AD3d at 564).

We find no basis to disturb the hearing court's determination that the testimony of a police officer was credible, or its implicit determination that the defendant's testimony was not credible (*see People v Mateo*, 2 NY3d at 414; *People v Prochilo*, 41 NY2d at 761; *People v Blinker*, 80 AD3d 619 [2011]; *People v Henderson*, 57 AD3d at 564). The police officer's testimony establishes that the police had authority to stop the vehicle in which the defendant was a passenger based on the driver's failure to signal a left turn (*see* Vehicle and Traffic Law § 1163) and, thus, the People met their burden of establishing the legality of the police conduct (*see People v Whitehurst*, 25 NY2d at 391; *People v Blinker*, 80 AD3d 619 [2011]; *People v James*, 72 AD3d 844 [2010]; *People v Henderson*, 57 AD3d at 563). Upon making the valid traffic stop, the police had discretion to order the occupants to exit the vehicle (*see People v Robinson*, 74 NY2d 773, 774 [1989], *cert denied* 493 US 966 [1989]; *People v Blanco*, 67 AD3d 923 [2009]; *People v Willis*, 66 AD3d 926 [2009]). Further, given the defendant's furtive behavior while still seated in the vehicle, which included attempting to cover his right side pants pocket, and then, upon exiting the car, continuing to cover that same pocket while trying to avoid showing the officers the right side of his body, the police officer had a sufficient and reasonable basis for a pat down search of the defendant's right side pants pocket and to remove the gun found therein (*see* CPL 140.50 [3]; *People v Prochilo*, 41 NY2d at 761; *People v Torres*,

74 NY2d 224, 226 [1989]; *People v Cheek*, 18 AD3d 475 [2005]; *People v Gladden*, 267 AD2d 400 [1999]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.