A defendant who has validly waived the right to appeal cannot invoke this Court’s interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255 [2006]). Here, however, the Court is not precluded from exercising its interest of justice jurisdiction because the defendant’s purported waiver of his right to appeal was invalid. Although “ ‘a trial court need not engage in any particular litany’ or catechism in satisfying itself that a defendant has entered a knowing, intelligent and voluntary appeal waiver, a trial court ‘must make certain that a defendant’s understanding’ of the waiver ... ‘is evident on the face of the record’ ” (People v Bradshaw, 18 NY3d 257, 265 [2011], quoting People v Lopez, 6 NY3d at 256), and that “the record demonstrates that [the waiver] was made knowingly, intelligently and voluntarily” (People v Lopez, 6 NY3d at 256). Here, the Supreme Court stated: “Please sign the waiver of right [sic] to appeal if you agree with what we are doing here,” and asked the defendant, who responded in the affirmative, whether he had signed the waiver freely, voluntarily, and because he understood what it meant. The court did not confirm that the defendant discussed the written waiver with his counsel or that “he was aware of its contents” (People v *1055 Callahan, 80 NY2d 273, 283 [1992]). This record discussion does not demonstrate that the defendant “grasped the concept of the appeal waiver and the nature of the right he was forgoing” (People v Bradshaw, 18 NY3d at 267; see People v Grant, 83 AD3d 862, 862-863 [2011]; cf. People v Ramos, 7 NY3d 737, 738 [2006]). Therefore, “notwithstanding the written appeal waiver form it cannot be said that defendant knowingly, intelligently and voluntarily waived his right to appeal” (People v Bradshaw, 18 NY3d at 267; see People v Callahan, 80 NY2d at 283; People v Grant, 83 AD3d at 862-863).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Skelos, Leventhal, Austin and Cohen, JJ., concur.