Appeal by defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered April 20, 2011, convicting *795 him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
Ordered that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until April 20, 2031, is vacated, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection, taking into account the maximum time allowed for the duration of an order of protection pursuant to the law in effect at the time of the offense and the defendant’s jail-time credit; and it is further,
Ordered that the judgment is affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court’s interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255 [2006]). Here, however, the Court is not precluded from exercising its interest of justice jurisdiction because the defendant’s purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant “grasped the concept of the appeal waiver and the nature of the right he was forgoing” (People v Bradshaw, 18 NY3d 257, 267 [2011]; see People v Grant, 83 AD3d 862, 862-863 [2011]; cf. People v Ramos, 7 NY3d 737, 738 [2006]). Therefore, “notwithstanding the written appeal waiver form, it cannot be said that defendant knowingly, intelligently and voluntarily waived his right to appeal” (People v Bradshaw, 18 NY3d at 267; see People v Elmer, 19 NY3d 501, 510 [2012]; People v Vasquez, 101 AD3d 1054, 1055 [2012]).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
As correctly argued by the defendant and conceded by the People on appeal, the duration of the order of protection issued at the time of sentencing failed to take into account the defendant’s jail-time credits and exceeded the maximum time limit of CPL 530.13 (4). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection, taking into account the maximum time allowed for the duration of an order of protection pursuant to the law in effect at the time of the offense and the defendant’s jail-time credit (see People v Vasquez, 87 AD3d 1042, 1044 [2011]). Eng, P.J., Mastro, Dillon, Lott and Miller, JJ., concur.