■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SPRINGER, Appellant. [970 NYS2d 462]—

Motion by the appellant (a) for leave to reargue an appeal from a judgment of the Supreme Court, Kings County, rendered April 20, 2011, which was determined by decision and order of this Court dated March 13, 2013 (104 AD3d 794 [2013]), and (b) to withdraw his argument relating to the duration of the order of protection.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is to withdraw the appellant's argument relating to the duration of the order of protection is denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue is granted and, upon reargument, the decision and order of this Court dated March 13, 2013 (*People v Springer,* 104 AD3d 794 [2013]), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered April 20, 2011, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.

Ordered that the judgment is affirmed.

A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (*see People v Lopez,* 6 NY3d 248, 255 [2006]). Here, however, the Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant "grasped the concept of the appeal waiver and the nature of the right he was forgoing" (*People v Bradshaw,* 18 NY3d 257, 267 [2011]; *see People v Grant,* 83 AD3d 862, 862-863 [2011]; *cf. People v Ramos,* 7 NY3d 737, 738 [2006]). Therefore, "notwithstanding the written appeal waiver form, it cannot be said that defendant knowingly, intelligently

and voluntarily waived his right to appeal" (*People v Bradshaw*, 18 NY3d at 267; *see People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Vasquez*, 101 AD3d 1054, 1055 [2012]).

Nevertheless, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention that the duration of the order of protection issued at the time of sentencing failed to take into account his jail-time credits and exceeded the maximum time limit of CPL 530.13 (4) is without merit (*see People v Williams*, 19 NY3d 100 [2012]). Eng, P.J., Mastro, Dillon, Lott and Miller, JJ., concur.