■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO GUZMAN, Appellant. [971 NYS2d 56]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 28, 2004 (*People v Guzman*, 8 AD3d 677 [2004]), affirming a judgment of the Supreme Court, Kings County, rendered October 10, 2000.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Rivera, J.P., Skelos, Cohen and Hinds-Radix, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENAICA L. HARRIS, Appellant. [971 NYS2d 210]—Appeal by the defendant, as limited by her motion, from a sentence of the County Court, Suffolk County (Weber, J.), imposed July 13, 2011, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of her right to appeal was invalid (*see People v Lopez*, 6 NY3d 248, 257 [2006]; *People v Grant*, 83 AD3d 862, 862-863 [2011]; *People v Bradshaw*, 76 AD3d 566, 569 [2010], *affd* 18 NY3d 257, 264 [2011]; *see also People v Callahan*, 80 NY2d 273, 283 [1992]) and, thus, does not preclude review of her excessive sentence claim. However, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Dillon, Chambers and Austin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE V. McLETCHIE, Appellant. [971 NYS2d 57]—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Braslow, J.), imposed May 11, 2012, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Angiolillo, Balkin and Hall, JJ., concur.