■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL A. FOWLER, Appellant. [975 NYS2d 691]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (R. Doyle, J.), rendered June 28, 2011, convicting him attempted murder in the second degree, assault in the first degree, burglary in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, aggravated criminal contempt, criminal contempt in the first degree, and criminal contempt in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not improperly delegate the appeal waiver allocution to the prosecutor (*see People v Bethune*, 91 AD3d 966, 966-967 [2012]). However, we find that the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant "grasped the concept of the appeal waiver and the nature of the right he was forgoing" (*People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Springer*, 109 AD3d 557, 557 [2013] [internal quotation marks omitted]; *see People v Grant*, 83 AD3d 862, 862-863 [2011]). Therefore, "notwithstanding the written appeal waiver form, it cannot be said that defendant knowingly, intelligently and voluntarily waived his right to appeal" (*People v Bradshaw*, 18 NY3d at 267; *see People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Vasquez*, 101 AD3d 1054, 1055 [2012]; *cf. People v Ramos*, 7 NY3d 737, 738 [2006]). Thus, the defendant is not precluded from challenging his sentence as excessive. Nevertheless, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.