The defendant’s purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant “grasped the concept of the appeal waiver and the nature of the right he was forgoing” (People v Bradshaw, 18 NY3d 257, 267 [2011]; see People v Springer, 109 AD3d 557, 557 [2013] [internal quotation marks omitted]; People v Grant, 83 AD3d 862, 862-863 [2011]). Therefore, “notwithstanding the written appeal waiver form, it cannot be said that defendant knowingly, intelligently and voluntarily waived his right to appeal” (People v Bradshaw, 18 NY3d at 267; see People v Elmer, 19 NY3d 501, 510 [2012]; People v Vasquez, 101 AD3d 1054, 1055 [2012]; cf. People v Ramos, 7 NY3d 737, 738 [2006]). Accordingly, review of the defendant’s excessive sentence claim is not precluded.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Balkin, Sgroi and Hinds-Radix, JJ., concur.