THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SLIZEWSKI, Appellant. [991 NYS2d 776]—

Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Kahn, J.), imposed on December 21, 2012, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (*see People v Lopez*, 6 NY3d 248, 255 [2006]). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant "grasped the concept of the appeal waiver and the nature of the right he was forgoing" (*People v Bradshaw*, 18 NY3d 257, 267 [2011]; *see People v Pelaez*, 100 AD3d 803, 804 [2012]; *People v Jacob*, 94 AD3d 1142, 1143 [2012]; *cf. People v Ramos*, 7 NY3d 737, 738 [2006]). Therefore, "notwithstanding the written appeal waiver form, it cannot be said that defendant knowingly, intelligently and voluntarily waived his right to appeal" (*People v Bradshaw*, 18 NY3d at 267; *see People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Vasquez*, 101 AD3d 1054 [2012]).

▉

Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Skelos, Leventhal, Roman and Duffy, JJ., concur.