People v McWhite (2018 NY Slip Op 03707)





People v McWhite


2018 NY Slip Op 03707


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2015-05539
 (Ind. No. 7947/14)

[*1]The People of the State of New York, respondent,
v
Dana McWhite, appellant.


Paul Skip Laisure, New York, NY (Lauren E. Jones of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Masha Simonova on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Martin P. Murphy, J.), imposed June 9, 2015, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Under the circumstances presented, the defendant's purported waiver of his right to appeal was invalid. The plea court's terse oral colloquy regarding the waiver of the right to appeal was insufficient, by itself, to ensure that the waiver was made knowingly, intelligently, and voluntarily (see People v Bradshaw, 18 NY3d 257; People v Brown, 122 AD3d 133). Although the defendant, who was reportedly illiterate and suffered from mental illness, signed a written waiver, there is no on-the-record confirmation that the form was read or thoroughly explained to him by counsel (see People v Vasquez, 101 AD3d 1054), and the court did not ask the defendant whether he could read or write. Accordingly, we reach the merits of the defendant's excessive sentence claim.
Contrary to the defendant's contention, the sentence imposed, which was the agreed-upon sentence, was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., CHAMBERS, SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court