People v Rodriguez (2018 NY Slip Op 08334)





People v Rodriguez


2018 NY Slip Op 08334


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-07312
 (Ind. No. 2752/16)

[*1]The People of the State of New York, respondent,
v
Hector Rodriguez, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William Branigan of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Barry Kron, J., at plea; Charles S. Lopresto, J., at sentence), imposed April 11, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). At the plea allocution, the Supreme Court improperly suggested that waiving the right to appeal was mandatory rather than a right that the defendant was being asked to voluntarily relinquish, and the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Waldon, 157 AD3d 913, 913-914; People v Pelaez, 100 AD3d 803, 803). Moreover, the record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a plea of guilty (see People v Waldon, 157 AD3d at 913-914; People v Pelaez, 100 AD3d at 803). Additionally, the court misstated the law by informing the defendant, in effect, that the appeal waiver would preclude him from challenging the voluntariness of his plea (see People v Waldon, 157 AD3d at 914; People v Pelaez, 100 AD3d at 803-804). Although the defendant signed a written waiver of the right to appeal, the court never elicited from the defendant on the record that he read the waiver, discussed it with counsel, or was even aware of its contents (see People v Waldon, 157 AD3d at 914; see also People v Callahan, 80 NY2d 273, 283). Accordingly, the defendant's purported waiver of his right to appeal was invalid and, thus, does not preclude review of his excessive sentence claim (see People v Vinson, 161 AD3d 1109; People v Waldon, 157 AD3d 913; People v Chestnut, 142 AD3d 559; People v Whitney, 125 AD3d 795; People v Baley, 114 AD3d 959; People v Rivera, 110 AD3d 835; People v Burnett, 103 AD3d 662; People v Pelaez, 100 AD3d 803).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., SGROI, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court