People v Collins (2019 NY Slip Op 05414)





People v Collins


2019 NY Slip Op 05414


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-12353

[*1]The People of the State of New York, respondent,
v
Joseph Collins, appellant. (S.C.I. No. 10158/17)


Paul Skip Laisure, New York, NY (Martin B. Sawyer of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher J. Blira-Koessler of counsel; Kristin Rainis on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Suzanne Melendez, J.), imposed October 12, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid and does not preclude review of his excessive sentence claim. The Supreme Court's terse colloquy did not provide the defendant with an explanation of the nature of the right to appeal or explain the consequences of waiving that right (see People v Bradshaw, 18 NY3d 257, 267; People v Lopez, 6 NY3d 248, 255; People v Brown, 122 AD3d 133; People v Vasquez, 101 AD3d 1054, 1054-1055). Although the defendant signed a written appeal waiver form, a written waiver "is not a complete substitute for an on-the-record explanation of the nature of the right to appeal" (People v Bradshaw, 76 AD3d 566, 569, affd 18 NY3d 257). Under the circumstances presented here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Brown, 122 AD3d at 145).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court