People v Layden (2022 NY Slip Op 50292(U))

[*1]

People v Layden (Christopher)

2022 NY Slip Op 50292(U) [74 Misc 3d 136(A)]

Decided on March 25, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 25, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DONNA-MARIE E.
GOLIA, JJ

2020-329 Q CR

The People of the State of New York,
Respondent,
against
Christopher Layden, Appellant. 

Appellate Advocates (Chelsea F. Lopez of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and William H. Branigan of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Joanne B.Watters, J.), rendered December 19, 2019. The judgment convicted defendant, upon
his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and
imposed sentence. The appeal brings up for review an order dated September 23, 2019 (Jeffrey
Gershuny, J.), which, upon reargument, denied defendant's motion to suppress the physical
evidence recovered from defendant's pocket.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with criminal possession of a controlled substance in the seventh
degree. Motion practice ensued, and a hearing was held, after which defendant pleaded guilty to
the charge. On appeal, defendant contends that the Criminal Court (Jeffrey Gershuny, J.), by
order dated September 23, 2019, upon reargument, improperly denied his motion seeking to
suppress evidence of the glassine envelope containing heroin, and a straw, recovered from his
pocket during a search incident to an arrest for which there was no probable cause.
At a probable cause hearing, the sole witness was a detective who was employed as an
overdose investigator, had received narcotics training and had made about 100 narcotics related
arrests. On the day of the incident, the detective was involved in an active investigation of
another person and was outside of that person's apartment building when he observed defendant
exchange money with that person for heroin, after which defendant and the other person walked
[*2]off in different directions. After considering all of the facts
and circumstances (see People v
Shulman, 6 NY3d 1, 26 [2005]; People v Bigelow, 66 NY2d 417, 423 [1985]),
including the detective's training and experience (see People v Joseph, 27 NY3d 1009, 1011 [2016]; People v
Jones, 90 NY2d 835, 837 [1997]), we find that the detective had reasonable cause to believe
that an offense had been committed and that defendant had committed the offense (see People
v Carrasquillo, 54 NY2d 248, 254 [1981]; People v Green, 100 AD3d 654, 654 [2012]; People v Francis, 44 AD3d 788,
789 [2007]). 
There is no basis to disturb the hearing court's factual findings and credibility assessment,
which are supported by the record (see People v Prochilo, 41 NY2d 759 [1977]; People v Blinker, 80 AD3d 619,
620 [ 2011]; People v Baliukonis,
35 AD3d 626, 627 [2006]). The Criminal Court properly determined that the heroin and
straw were recovered from defendant's pocket pursuant to a valid search incident to an arrest
based on probable cause (see People v
Gala, 63 Misc 3d 141[A], 2019 NY Slip Op 50584[U] [App Term, 1st Dept 2019]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 25, 2022