■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MAURICIO, True Name ANTHONY MALAVE, Appellant. [627 NYS2d 26] —Judgment, Supreme Court, New York County (Allen Alpert, J., at the suppression hearing; Thomas Galligan, J., at trial and sentence), rendered September 14, 1992, convicting defendant, following a jury trial, of burglary in the second degree and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant was observed standing on the fire escape of a building, holding something in his hand and bending over to pry open a window, by police officers and two civilians. In the process, he glanced over his shoulders, turning his head from left to right. Within minutes of defendant's entry into the adjoining apartment, one of the officers knocked loudly on the front door and announced that he was a policeman. Since there was no response, a key to the unit was procured from the management by other officers, and three officers let themselves into the premises to search for defendant, who was eventually discovered, crouching in a small space behind a closet armoire that had been pushed away from the wall. Drawers in the apartment had been opened, and some items had been deposited on a sofabed. After defendant was arrested, he was in a holding cell when one of the officers asked him to remove his shoes and socks, and defendant remarked that "I don't do drugs, crack or anything, I do it for the thrill of it". It is his contention that he was deprived of the due process of law by the trial court's refusal to allow the jury to consider criminal trespass as a lesser included offense of burglary. In that connection, he urges that, because of his confession that he went into the apartment for the "thrill of it", as well as the unconcealed and overt manner in which he broke into the couple's home, a reasonable jury could have determined that he was guilty of the lesser crime but not the greater.

A court is authorized to submit a lesser included offense only if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater (CPL 300.50 [1]; People v Glover, 57 NY2d 61). Submission of the lesser crime to the jury is not appropriate where "if, on the whole record, there is not some identifiable, rational basis on which the jury could reject a portion of the prosecution's case which is indispens-

able to establishment of the higher crime and yet accept so much of the proof as would establish the lesser crime" *(People v Scarborough,* 49 NY2d 364, 369-370).

Here, there is no reasonable explanation for the conduct of defendant other than that his purpose in visiting the apartment was to burglarize it. Specifically, instead of endeavoring to enter into some premises through a side street, he went into an enclosed courtyard and climbed four flights up a fire escape, hanging there precariously as he struggled to force himself into the apartment through the window. Moreover, defendant repeatedly looked around him as he worked to open the window, evincing a concern that he would be observed. Once he had gained entry into the apartment, he rummaged among the personal possessions therein, opening drawers and moving furniture. His excuse for disarranging residents' property, that is, that he broke into the apartment for the "thrill of it", but, having entered the premises, he decided to look through the drawers, is not credible. Contrary to defendant's claim that what occurred on the day in question was no more than a sort of daredevil escapade and that, if he had possessed any criminal intent, he would have quickly removed some items and left, he could not have been unaware that any effort to escape would not succeed since an officer knocked on the front door within minutes of the intruder's arrival, and, when the police came in some fifteen minutes later, he was hiding in a closet. Accordingly, the trial court properly refused to submit to the jury the lesser included crime of criminal trespass. Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Williams, JJ.