■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMEL WARFIELD, Appellant. [774 NYS2d 324]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered August 7, 2001, convicting defendant, after a jury trial, of burglary in the second degree and endangering the welfare of a child, and sentencing him, as a second violent felony offender, to concurrent terms of 14 years and 1 year, respectively, unanimously affirmed.

The court properly declined to submit criminal trespass in

the second degree as a lesser included offense of burglary in the second degree, since there was no reasonable view of the evidence, viewed most favorably to defendant, that he entered the premises without intent to commit a crime therein. Defendant's course of sexually aggressive conduct, both before and after entering the apartment in question, had no rational explanation other than his intent to commit a sex crime against one or more of the teenaged girls he was pursuing. There was nothing in defendant's videotaped statement to warrant submission of criminal trespass (see People v Mauricio, 215 AD2d 326 [1995], lv denied 86 NY2d 738 [1995]), and the statement actually added support to the inference that defendant had intended to commit a sex crime.

The challenged portions of the prosecutor's summation properly asked the jury to draw reasonable inferences from the evidence. The court's main and supplemental jury charges adequately explained the relevant legal principles concerning the elements of burglary (see People v Job, 87 NY2d 956 [1996]). Concur—Nardelli, J.P., Sullivan, Williams, Friedman and Marlow, JJ.