■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL GURLEY, Appellant. [812 NYS2d 527]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered August 18, 2003, convicting defendant, after a jury trial, of assault in the second degree (three counts) and criminal possession of stolen property in the third degree, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life, unanimously affirmed.

We reject defendant's challenge to the sufficiency of the evidence with respect to one of the assault convictions. Evidence that the officer sustained a small abrasion to his knee, suffered soreness to his back, knee and wrist, and was absent from work for three days as a result, was sufficient to establish the element of physical injury (*see People v Guidice*, 83 NY2d 630, 636 [1994]; *People v McClennon*, 287 AD2d 310 [2001], *lv denied* 97 NY2d 685 [2001]; *People v Marsh*, 264 AD2d 647 [1999], *lv denied* 94 NY2d 825 [1999]).

Defendant's uncharged crime argument is without merit because the evidence regarding the circumstances under which he stole a vehicle directly supported essential elements of criminal possession of stolen property, a charged crime, and the

People "were not bound to stop after presenting minimum evidence" (*People v Alvino*, 71 NY2d 233, 245 [1987]).

The prosecution properly commented in summation about the absence of any evidence to support a claim made by defendant in his testimony, and this comment did not shift the burden of proof (*see People v Overlee*, 236 AD2d 133, 142-143 [1997], *lv denied* 91 NY2d 976 [1998]). Furthermore, the prosecutor's argument was directly responsive to an argument made in defendant's summation, and it was not contrary to an evidentiary ruling made by the court.

Defendant's other summation claims, as well as his suppression argument and his constitutional challenge to the procedure under which he was sentenced as a persistent felony offender, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We perceive no basis for reducing the sentence, which, contrary to defendant's alternative argument, was legal (*People v Rivera*, 5 NY3d 61 [2005], *cert denied* — US —, 126 S Ct 564 [2005]). Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.