■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSVALDO CABRERA, Appellant. [832 NYS2d 521]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered September 2, 2003, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 20 years, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the verdict was based on legally sufficient evidence. We further find that the verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's conduct, including the facts that he stabbed the victim numerous times after disarming her, and continued to injure her while she lay semiconscious on the floor, supported the conclusion that he intended to cause serious physical injury (*see People v Getch*, 50 NY2d 456, 465 [1980]; *People v Davis*, 300 AD2d 78 [2002], *lv denied* 99 NY2d 627 [2003]).

The court properly exercised its discretion in permitting the People to call the victim on rebuttal after defendant had testified and both sides had rested (*see* CPL 260.30 [7]; *People v Reaves*, 30 AD2d 828 [1968], *affd* 26 NY2d 921 [1970]). The victim, defendant's wife, had been scheduled to testify during the People's case but became unavailable through no fault of the People and had to be brought to court on a material witness order. To the extent that defendant is raising a constitutional claim regarding the fact that he made his decision to testify at a time when the People had rested without calling the victim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit. "The trial judge must meet situations as they arise and to do this must have broad power to cope with the complexities and contingencies inherent in the adversary process." (*Geders v United States*, 425 US 80, 86 [1976]; *compare Brooks v Tennessee*, 406 US 605 [1972]).

The court's *Sandoval* ruling permitting the prosecutor to

impeach defendant with two acts of prior violence against the victim balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). There was a good faith basis for the prosecutor's questions. In any event, defendant was not prejudiced since he denied the prior acts, and the prosecutor was bound by his answers. The court properly instructed the jury that questions by themselves are not evidence, and defendant's argument that the court should have provided additional instructions is unpreserved and without merit.

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Friedman, Buckley, Catterson and Malone, JJ.