■ The People of the State of New York, Respondent, v Mohamed Zokari, Appellant. [890 NYS2d 544]—

The court properly declined to submit criminal trespass in the third degree as a lesser included offense, since there was no reasonable view of the evidence, viewed most favorably to defendant, that he entered a store without criminal intent and only subsequently formed an intent to steal (*see People v Warfield*, 6 AD3d 218 [2004], *lv denied* 3 NY3d 650 [2004]; *People v Mauricio*, 215 AD2d 326 [1995], *lv denied* 86 NY2d 738 [1995]). Although there may be a dispute about how soon after entering a Duane Reade defendant began to steal 103 packets of gum, the security guard's testimony that defendant began stealing the gum shortly after entering was not disputed. Also undisputed was the prosecution's evidence that defendant recently had been excluded, by way of a trespass notice issued to him at the same store, from all Duane Reade stores and that, five months before that notice, he received such a notice at another Duane Reade store. To convict defendant of trespass rather than burglary, the jury would have had to find that although defendant had been so excluded recently and repeatedly, he nonetheless selected the Duane Reade store as a place to engage in shopping, browsing or some other unclear but innocent activity, that he happened to be carrying a black plastic garbage bag for some innocent reason, and that it may not have been until shortly after he entered that he suddenly formed the larcenous intent that led him to fill the bag with gum. A reasonable view of the evidence is not one at war with common sense; there was no evidence that reasonably might suggest that defendant did not enter the store with the intent to commit a crime. Concur—Tom, J.P., Andrias, Saxe, McGuire and Manzanet-Daniels, JJ.