■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO ROMERO, Appellant. [923 NYS2d 532]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 25, 2009, convicting defendant, after a nonjury trial, of burglary in the second degree and criminal mischief in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of seven years and 2 to 4 years, respectively, unanimously affirmed.

Defendant did not preserve his claim that, in order to prove burglary in this case, the People were required to prove defendant intended to commit a sexual assault, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The indictment charged defendant with entering a store with intent to commit an unspecified crime therein, and the People never limited their theory of the case to any particular intended crime (*see People v Bess*, 107 AD2d 844, 846 [1985]). In any event, defendant repeatedly announced his intention to sexually assault two girls hiding in the store.

Defendant's conviction of criminal mischief in the third degree was also supported by legally sufficient evidence. The evidence supports the conclusion that the reasonable cost of repairing the damaged property (*see People v Garcia*, 29 AD3d 255, 263 [2006], *lv denied* 7 NY3d 789 [2006]) exceeded $250. Defendant's argument concerning the element of intent to damage property is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.

Defendant requested that the court consider the lesser included offenses of criminal trespass in the second degree and criminal mischief in the fourth degree. However, he did not set forth any basis for those requests. Accordingly, his present arguments are unpreserved (*see e.g. People v Liner*, 262 AD2d 250 [1999], *lv denied* 93 NY2d 1021 [1999]), and we decline to review them in the interest of justice. As an alternative holding, we find that neither request was supported by a reasonable view of the evidence, when viewed in a light most favorable to defendant. Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.