Ordered that the appeal by the People is dismissed. Dickerson, J.P., Chambers, Hall and Lott, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL VASQUEZ, Appellant. [929 NYS2d 180]—

The defendant was indicted on July 19, 2007, for attempted robbery in the first degree, menacing in the second degree, and criminal possession of a weapon in the third and fourth degrees, in connection with an incident which occurred in Queens on July 4, 2007.

During the jury trial, the complainant testified that, on the

night in question, while walking on the street where a furniture store, at which he was employed, was located, he was accosted by a man with a knife, who demanded money. The complainant fled to the nearby furniture store and called the 911 emergency number while he observed the man pacing outside on the street until the police arrived 8 to 10 minutes later.

The police apprehended the defendant after the complainant pointed the defendant out to them. Before placing the defendant under arrest, one of the officers returned with the defendant to where the complainant was located, and the complainant confirmed that the defendant was the assailant.

At trial, about six months after the incident occurred, the complainant was unable to identify the defendant in court. As a result, the trial court permitted one of the responding police officers to testify that the complainant had pointed the defendant out to the police upon their arrival at the furniture store. Prior to the trial, the prosecution had provided notice pursuant to CPL 710.30 to the defendant of its intention to introduce such identification evidence. However, the prosecution did not provide notice of its intention to introduce evidence about the complainant's showup identification at the time of the defendant's arrest. Nevertheless, at trial, the officer was also permitted to testify about the complainant's showup identification.

The defendant's contention that he was deprived of due process of law because testimony regarding the complainant's identification of him at a showup was admitted at trial despite the prosecution's failure to serve notice pursuant to CPL 710.30 of its intention to introduce evidence of this identification is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bello*, 219 AD2d 657 [1995]). In any event, although the trial court may have erred in admitting the showup identification testimony on the ground that the prosecution did not serve adequate notice pursuant to CPL 710.30 (1) (b), any such error was harmless (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The defendant's contention that he was deprived of the right to a fair trial by the People's use of a transcript of a translation of the complainant's phone call to "911" is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit.

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 711 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summa-

tion is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Tonge*, 93 NY2d 838, 838-839 [1999]). In any event, the challenged remarks did not deprive the defendant of a fair trial (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v West*, 86 AD3d 583 [2011]; *People v Gabriel*, 85 AD3d 1201 [2011]; *People v Spinelli*, 79 AD3d 1152 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83-85 [1982]).

As correctly argued by the defendant and conceded by the People on appeal, the duration of the order of protection issued at the time of sentencing exceeded the maximum time limit of CPL 530.13 (4) and failed to take into account the defendant's jail-time credits. Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a new determination of the duration of the order of protection, taking into account the maximum time allowed for the duration of an order of protection pursuant to the law in effect at the time of the offense and the defendant's jail-time credit. Rivera, J.P., Skelos, Hall and Austin, JJ., concur.