■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SMALLS, Appellant. [937 NYS2d 222]—

The verdict was based on legally sufficient evidence. Defendant became enraged at an employee who was working at the front desk of a storage facility. Defendant struck the employee in the face with a hard plastic object, causing a cut, and pursued the employee through a series of nonpublic portions of the facility. In doing so, defendant knocked down a manager of the facility, causing a broken wrist. The still-irate defendant confronted the first employee, pushed and poked him, and threw another hard object, striking the employee in the head.

Defendant was properly convicted of burglary. Defendant's course of conduct establishes that when he entered the restricted part of the facility, he did so with intent to commit a crime (*People v Lewis*, 5 NY3d 546, 552 [2005]). Accordingly, the intent element of burglary was satisfied.

Defendant argues that the People limited themselves to the theory that the intended crime was an assault on the front-desk employee. That claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The People never expressly limited themselves to that theory (*see People v Romero*, 84 AD3d 695 [2011]), and the court's charge contained no such limitation. In any event, the evidence fully supports the theory that defendant chased the employee into the nonpublic area for the purpose of continuing his assault on that person.

Defendant was also properly convicted of third-degree assault, based on his initial attack on the employee at the front desk. Defendant threw a hard plastic pamphlet holder at the employee's face from only a few feet away. The object left a cut near

the employee's eye. The employee testified that he was bleeding, that the cut was swollen and painful, and that the pain worsened soon after the incident. The evidence supports an inference that the cut caused "more than slight or trivial pain" (*see People v Chiddick*, 8 NY3d 445, 447 [2007]; *see also People v Guidice*, 83 NY2d 630, 636 [1994]).

Defendant failed to preserve his argument that there was insufficient evidence that he intended to cause physical injury to the employee, and we decline to review it in the interest of justice. As an alternative holding, we find that defendant's intent could be readily inferred from his conduct.

The court properly declined to submit third-degree criminal trespass as a lesser included offense of burglary. There was no reasonable view of the evidence that defendant unlawfully entered the nonpublic area, but did so without intent to commit a crime (*see People v Mongen*, 157 AD2d 82 [1990], *appeal dismissed* 76 NY2d 1015 [1990]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Román, JJ.