# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**728**

**KA 11-01163**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

HARRY WILSON, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered September 30, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and petit larceny (four counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20) and four counts of petit larceny (§ 155.25). Contrary to defendant's contention, he was not denied a fair trial based on cumulative errors made by County Court. The court properly denied his request to charge trespass as a lesser included offense of burglary in the third degree inasmuch as "there was no reasonable view of the evidence, viewed most favorably to defendant, that he entered [the mall in question] without criminal intent and only subsequently formed an intent to steal" (*People v Zokari*, 68 AD3d 578, *lv denied* 15 NY3d 758; *see People v Smalls*, 92 AD3d 420, 421; *People v Mercado*, 294 AD2d 805, 805, *lv denied* 98 NY2d 731).

Contrary to defendant's further contention, the court properly admitted evidence concerning the barring notice issued to defendant prohibiting him from entering onto the mall property because it was relevant to establish that defendant knowingly entered the mall unlawfully (*see* Penal Law § 140.20; *see generally People v Alvino*, 71 NY2d 233, 241-242). In addition, the court properly admitted evidence with respect to the circumstances surrounding the issuance of that barring order as necessary background and narrative information (*see generally People v Resek*, 3 NY3d 385, 390). The probative value of that evidence exceeded its potential for prejudice (*see People v Comfort*, 60 AD3d 1298, 1301, *lv denied* 12 NY3d 924). Defendant failed

to request a limiting instruction concerning evidence of the barring order and thus did not preserve for our review his contention that the court should have issued such an instruction after that evidence was admitted (*see People v Moore* [appeal No. 2], 78 AD3d 1658, 1659). In any event, the court issued such an instruction at the People's request following the close of evidence and during the jury charge. We have considered the remaining instances of alleged cumulative error and conclude that they are without merit. The sentence is not unduly harsh or severe.

Entered:  June 8, 2012                          Frances E. Cafarell
                                               Clerk of the Court