The People of the State of New York, Respondent, v Gerardo Yanayaco, Appellant. [952 NYS2d 110]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). On the con-

trary, the evidence of defendant's guilt was overwhelming. Defendant's knowing and intentional participation in an insurance fraud scheme was established by accomplice testimony that was fully corroborated by other evidence, including, among other things, recorded conversations with undercover agents posing as patients.

Although defendant concedes that the jury's mixed verdict was not legally repugnant, he bases his weight of the evidence argument primarily on the theory that the acquittals reflected implied findings of fact that undermined the convictions. In performing weight of evidence review, we may consider the jury's verdict on other counts (see People v Rayam, 94 NY2d 557, 563 n [2000]). However, "[w]here a jury verdict is not repugnant, it is imprudent to speculate concerning the factual determinations that underlay the verdict because what might appear to be an irrational verdict may actually constitute a jury's permissible exercise of mercy or leniency" (People v Horne, 97 NY2d 404, 413 [2002]; see also People v Hemmings, 2 NY3d 1, 5 n [2004]). Furthermore, "in performing its de novo review function as a 'thirteenth juror,' there is no good reason why a court should resolve any inconsistency in favor of a defendant rather than the People who, after all, have no right of appellate review of jury acquittals in mixed verdicts" (Rayam, 94 NY2d at 562). In any event, we find that there was a reasonable evidentiary basis for the mixed verdict.

The court properly exercised its discretion (see People v Samandarov, 13 NY3d 433, 439-440 [2009]) in denying the CPL 440.10 motion without holding a hearing. The trial record and the parties' submissions were sufficient to decide the motion, and there was no factual dispute requiring a hearing (see People v Satterfield, 66 NY2d 796, 799-800 [1985]).

In his motion, defendant claimed that trial counsel rendered ineffective assistance by failing to produce enhanced images of a videotape depicting the undercover agent's patient file, which purportedly showed that certain annotations were not on the file when defendant last saw the patient. However, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Regardless of whether counsel should have produced these images, there is no reasonable possibility that this omission had any effect on the outcome of the case. Defendant's additional claim that the prosecutor elicited and relied upon false testimony about the annotations on the patient file is without merit. Concur—Friedman, J.P., Acosta, Renwick, Richter and Abdus-Salaam, JJ.