[985 NE2d 899, 962 NYS2d 589]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL VASQUEZ, Appellant.

Argued January 10, 2013; decided February 19, 2013

462

---

## POINTS OF COUNSEL

*Lynn W.L. Fahey, Appellate Advocates,* New York City (*Warren S. Landau* of counsel), for appellant. Appellant was denied the effective assistance of counsel when defense counsel, who argued that the People failed to prove appellant's identity, failed to seek preclusion of the complainant's showup identification although the People had given no CPL 710.30 notice of their intent to elicit that evidence. (*Strickland v Washington,* 466 US 668; *People v Turner,* 5 NY3d 476; *People v Baldi,* 54 NY2d 137;

*People v Benevento*, 91 NY2d 708; *People v Zaborski*, 59 NY2d 863; *People v Caban*, 5 NY3d 143; *Murray v Carrier*, 477 US 478; *Kimmelman v Morrison*, 477 US 365; *United States v Cronic*, 466 US 648; *People v Cass*, 18 NY3d 553.)

*Daniel Vasquez*, appellant pro se. I. Appellant was denied effective assistance of counsel when defense counsel failed to properly object to the admission of hearsay identification testimony and the Court's decision to allow the arresting officer to testify regarding the victim's out-of-court identification violated the requirements of CPL 60.25 and did not meet the statutory exception to the *Trowbridge* bolstering doctrine. (*People v LaBree*, 34 NY2d 257; *People v Prado*, 4 NY3d 725; *People v Brown*, 45 NY2d 852; *Strickland v Washington*, 466 US 668; *People v Riley*, 101 AD2d 710; *People v Zaborski*, 59 NY2d 863; *People v Bayron*, 66 NY2d 77; *People v Quevas*, 81 NY2d 41; *Brady v Maryland*, 373 US 83; *Manson v Brathwaite*, 432 US 98.) II. Defendant was deprived of a fair trial, where the jury was tainted by the assistant district attorney, who maliciously misstated and fabricated her own version of the 911 transcribance to the jury at summation, after the Court previously corrected and ruled on the true contents of the 911 transcribance, denying appellant due process of law. (*People v Moye*, 52 AD3d 1; *People v Paperno*, 54 NY2d 294; *Berger v United States*, 295 US 78; *People v Lovello*, 1 NY2d 436; *People v Torres*, 223 AD2d 741; *People v Allen*, 127 AD2d 840; *People v Russell*, 307 AD2d 385; *People v Fielding*, 158 NY 542; *People v Esposito*, 224 NY 370; *People v Collins*, 12 AD3d 33.)

*Richard A. Brown, District Attorney*, Kew Gardens (*Donna Aldea* and *John M. Castellano* of counsel), for respondent. I. Defendant received meaningful representation at trial and his attorney committed no error—let alone any prejudicial error—by not registering a baseless objection to identification testimony on the grounds of deficient notice when notice was not legally required and was, in any event, waived by counsel's strategic choice to litigate the constitutionality of the identification procedures at the hearing. (*Strickland v Washington*, 466 US 668; *People v Benevento*, 91 NY2d 708; *People v Baldi*, 54 NY2d 137; *People v Baker*, 14 NY3d 266; *People v Satterfield*, 66 NY2d 796; *People v Borrell*, 12 NY3d 365; *People v Turner*, 5 NY3d 476; *People v Henry*, 95 NY2d 563; *People v Flores*, 84 NY2d 184; *People v Rivera*, 71 NY2d 705.) II. Defendant's claim that the prosecutor improperly relied on an incorrect transcription of the victim's 911 call during her summation is unpreserved

and without merit. (*People v Fleming*, 70 NY2d 947; *People v Gajadhar*, 38 AD3d 127; *People v Halm*, 81 NY2d 819; *People v Ashwal*, 39 NY2d 105; *People v Crimmins*, 36 NY2d 230; *People v Galloway*, 54 NY2d 396; *People v Wood*, 66 NY2d 374.)

## OPINION OF THE COURT

SMITH, J.

We hold that defendant's trial counsel was not ineffective for failing to object under CPL 710.30 to testimony about a victim's out-of-court identification.

## I

A jury convicted defendant of attempted robbery, menacing and possession of a weapon, based on evidence that defendant approached a man in the street, asked for money, and pointed a knife at him. Evidence at trial showed that the victim ran into a nearby store and called 911. When Officer Brian Herbert responded to the call, defendant was still in the vicinity; the victim pointed him out, and Herbert arrested him. After the arrest, before taking defendant to the station house, Herbert asked the victim if he was sure that this was the man who robbed him, and the victim said "yes."

Thus, the victim twice said to Herbert that defendant was the guilty party—before the arrest, when he pointed him out, and after it, when he told the officer he was sure. However, the People's notice of intention to offer identification testimony, served before trial pursuant to CPL 710.30 (1) (b), said only:

> "the People intend to offer at trial testimony of a witness, [naming the victim], who identified the defendant in a Pointout, on July 4, 2007, at approximately 10:08 P.m., at Cypress Avenue and Madison Street."

The notice did not mention that the victim had also said he was sure of his identification a few minutes later, while viewing defendant in Herbert's custody.

Defendant moved to suppress the point-out identification. The motion was denied after a *Wade* hearing at which Herbert was the only witness. The victim's post-arrest statement to Herbert was not mentioned at the hearing.

At trial, the People's first witness was Herbert, who testified that he responded to a radio call, went to the scene and spoke to the victim, arrested defendant and recovered a knife from a tree

nearby. The second witness was the victim, who described his encounter with a man who tried to rob him. The victim said that he had pointed the man out to a police officer, and that the officer had arrested the offender, but the victim was not able to identify defendant in court as the man who committed the crime. He did say, however, that he had seen the offender throw away a knife near a tree, and that he had given that information to the officer.

The victim testified that, before the officer made the arrest, the person he arrested turned a corner and was briefly out of the victim's sight. In this, the victim's recollection differed from Herbert's; Herbert had testified that he arrested defendant on the corner. The victim also testified, without objection, that he had seen the person the officer had in custody, and that that person was indeed the would-be robber.

After the victim testified, the People re-called Herbert to give testimony authorized by CPL 60.25. Section 60.25 (1) (a) applies where a witness testifies that he "observed" a person at the time and place of a crime or on another "incriminating occasion," and that he later saw someone he recognized to be the same person, but cannot say at trial whether that person was the defendant. In such cases, the witness may testify that he observed the same person both times, and another witness may supply the missing link by testifying that the defendant was the person observed on the second occasion (CPL 60.25 [2]).

Here, the victim had testified to what may be viewed as three separate occasions, close to each other in time, on which he observed the man who tried to rob him: the crime itself; the moment when he pointed the offender out to Herbert; and the moment when he saw the arrested man in Herbert's custody. Herbert testified about both the second and third observations; the critical one for our purposes is the third. Herbert recounted the victim's post-arrest statement that he was sure the man arrested—identified by Herbert as defendant—was the man who robbed him. Defense counsel questioned whether the prerequisites of CPL 60.25 had been met, but did not object to testimony about the post-arrest statement on the ground that it was omitted from the pretrial CPL 710.30 notice.

The People concluded their case by offering defendant's testimony before the grand jury, in which he said that, just before being arrested, he had asked "a gentleman" for change (without brandishing a weapon); and that the gentleman "went

in this restaurant and I guess maybe he misunderstood me . . . but when he came back out there was police around."

Defendant was convicted. He argued on appeal that the People had violated CPL 710.30, and that trial counsel's failure to raise that issue deprived him of the effective assistance of counsel. The Appellate Division held that the section 710.30 issue was unpreserved, and added that "although the trial court may have erred in admitting the showup identification testimony . . . any such error was harmless" (*People v Vasquez*, 87 AD3d 1042, 1043 [2d Dept 2011]). The court also held that "defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation" (*id.*). A Judge of this Court granted leave to appeal (18 NY3d 862 [2011]), and we now affirm.

## II

CPL 710.30 requires the People to serve on a defendant, before trial, a notice of their intention to offer "testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such." The notice "must be served within fifteen days after arraignment and before trial" but the court may permit a late notice "[f]or good cause shown" and if it does so "must accord the defendant reasonable opportunity thereafter to make a suppression motion" (CPL 710.30 [2]). When no notice is served, evidence of the kind specified in the statute may not be offered, unless defendant "has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied" (CPL 710.30 [3]). Defendant contends that he was entitled under this statute to the suppression of testimony about the victim's post-arrest identification.

We do not decide whether a CPL 710.30 violation justifying suppression occurred in this case. We are satisfied that, if defense counsel did make a mistake in failing to object to the evidence, the mistake was not so "egregious and prejudicial" as to deprive defendant of a fair trial (*People v Caban*, 5 NY3d 143, 152 [2005]).

The People argue that there was no CPL 710.30 violation, saying among other things that the point-out was not separable from the post-arrest conversation minutes later. Because the two are part of the same continuum of events, the People say, the notification of the point-out gave defendant all the notice

that he was entitled to. The argument is not without merit, especially if the People, when they served their CPL 710.30 notice, did not know (and nothing in the record indicates they did know) that the victim would testify at trial that he lost sight of the offender between his two conversations with the officer. If the offender was continuously in the victim's view, the argument that there was really only one post-crime "observation," even though the victim identified defendant twice within a few minutes' time, seems a reasonable one. It is more plausible to speak of two observations—and the victim's post-arrest statement that he was sure the officer had the right man takes on greater importance—if the victim's view of the offender was interrupted.

Assuming that there was a section 710.30 violation, it might not have resulted in exclusion of the evidence in question. CPL 710.30 (2) provides for the possibility of late notice, and a belated suppression hearing, when the People show "good cause." The belated notice and hearing may occur during the trial (*People v Anderson*, 66 NY2d 529, 537 [1985]), and if the trial court thought the People had made an excusable error it might have granted such a remedy here.

In short, it is not obvious that defendant's counsel could have successfully sought preclusion of the evidence of the victim's post-arrest identification under section 710.30. An argument for preclusion could have been made, but not an argument "so compelling that a failure to make it amounted to ineffective assistance of counsel" (*People v Carter*, 7 NY3d 875, 877 [2006]). Counsel's performance should not be "second-guessed with the clarity of hindsight" (*People v Benevento*, 91 NY2d 708, 712 [1998]). Any deficiency in her performance was not so great that it can support an ineffective assistance claim.

Nor has defendant shown any serious likelihood that he was prejudiced by trial counsel's alleged error. Even if the trial court had precluded evidence of the victim's post-arrest identification, the evidence against defendant would remain strong. That evidence included the victim's description of an attempted robbery; the victim's pointing out of a man, whom Herbert identified as defendant, immediately after the crime; the victim's testimony that the would-be robber had thrown away a knife near a tree; Herbert's recovery of the knife from that location; and defendant's admission to the grand jury that he had asked a "gentleman"—who the jury could readily infer was the victim—for money. It is hard to believe that, in light of

this evidence, a jury that did not know of the post-arrest identification would have been left in doubt of defendant's guilt.

■ Under the Federal Constitution, a defendant claiming ineffective assistance of counsel "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*Strickland v Washington*, 466 US 668, 694 [1984])—a showing defendant cannot make here. Under our State Constitution, a showing of prejudice is "not indispensable" but it is nevertheless "significant" in evaluating a claim of this kind (*People v Stultz*, 2 NY3d 277, 284 [2004]). Under the circumstances here, where trial counsel committed at most a single, and not egregious, error, the absence of prejudice is fatal to defendant's claim.

The arguments made in defendant's pro se brief are not preserved for our review.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges GRAFFEO, READ and PIGOTT concur; Judge RIVERA taking no part.

Order affirmed.