■ The People of the State of New York, Respondent, v Mauro Amaya, Appellant. [961 NYS2d 45]—

Judgment, Supreme Court, Bronx County (Lester Adler, J.), rendered July 30, 2009, as amended October 30, 2009, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There was ample evidence that defendant unlawfully entered an apartment with intent to commit a crime. A videotape showed defendant rummaging through a drawer, mattress, and coat in the victim's apartment. The locks on the doors to the apartment and the bedroom were broken and the victim noticed that his Social Security card, passport, and $2,400 in cash, which he had stored in the same areas where defendant was seen rummaging, were missing.

The court properly declined to charge criminal trespass in the second degree as a lesser included offense since there was no

reasonable view of the evidence, viewed in the light most favorable to defendant, that he was guilty of that charge but not of the greater offense (*see generally People v James*, 11 NY3d 886 [2008]). Defendant's actions had no rational explanation other than that he entered intending to find valuable items to steal (*see People v Warfield*, 6 AD3d 218 [1st Dept 2004], *lv denied* 3 NY3d 650 [2004]; *People v Mauricio*, 215 AD2d 326 [1st Dept 1995], *lv denied* 86 NY2d 738 [1995]). Defendant's alternative theory as to why he was rummaging through the victim's property is speculative and "at war with common sense" (*People v Zokari*, 68 AD3d 578, 578 [2009], *lv denied* 15 NY3d 758 [2010]).

The record does not support defendant's assertion that, in a colloquy about the parameters of a *Sandoval* ruling made by another justice, defendant requested the trial court to modify that ruling. Since defendant made no application to modify the prior ruling, the court did not err in failing to revisit it sua sponte (*see People v Freeman*, 253 AD2d 692 [1st Dept 1998], *lv denied* 92 NY2d 982 [1998]). Concur—Friedman, J.P., Saxe, Moskowitz, DeGrasse and Román, JJ.