Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered November 13, 2009, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him to a term of 3x/2 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the inference that when defendant broke two reinforced glass doors in order to gain entry into secured portions of an apartment building, he did so with the intent to commit a crime therein.
The jury’s mixed verdict does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]; People v Yanayaco, 99 AD3d 416 [1st Dept 2012]). To the extent that defendant is arguing that his acquittal of a weapon charge requiring unlawful intent rendered the evidence legally insufficient with respect to the intent element of burglary, that argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Contrary to defendant’s argument, to convict him of burglary the People were not required to prove that he intended to use the knife in his possession to threaten, scare or stab anyone. The indictment charged defendant with entering the apartment building with intent to commit an unspecified crime therein, and the People never limited their theory of the case to a particular intended crime (see People v Romero, 84 AD3d 695, 695 [1st Dept 2011], lv denied 17 NY3d 955 [2011]; see also People v Smalls, 92 AD3d 420, 420 [1st Dept 2012], lv denied 18 ibf3d 998 [2012]).
Defendant did not preserve his challenge to the court’s supplemental jury charge, and we decline to review it in the interest of justice. As an alternative holding, we find that the court provided a meaningful and correct response to the deliberating jury’s request for information {see People v Santi, 3 NY3d 234, 248-249 [2004]; People v Malloy, 55 NY2d 296 [1982], cert denied 459 US 847 [1982]).
Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Feinman and Clark, JJ.