The People of the State of New York, Respondent,
against
Wendy H. Marks, Appellant.




Wayne T. Marks, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Alan M. Wolinsky, J.H.O.), rendered June 19, 2018. The judgment, after a nonjury trial, convicted defendant of using a mobile telephone to engage in a call while operating a motor vehicle.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with using a mobile telephone to engage in a call while operating a motor vehicle (Vehicle and Traffic Law § 1225—c [2] [a]). Following a nonjury trial, at which both a New York State trooper and defendant testified, the District Court found defendant guilty as charged. On appeal, defendant contends, among other things, that certain statements made by her to the trooper after her vehicle had been pulled over, as attested to by the trooper at trial, were improperly admitted into evidence since the People had failed to serve a notice pursuant to CPL 710.30. Defendant also contends that the evidence was legally insufficient to support the conviction and that the verdict was against the weight of the evidence.
CPL 710.30 (1) (a) requires the People to provide a defendant with prior notice of "evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20." This court has previously determined that a defendant who is charged with a traffic infraction, for which a sentence to a term of imprisonment or to a fine can be imposed, is entitled to CPL 710.30 notice (see People v Ermmarino, 60 Misc 3d 50 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Brigandi, 57 Misc 3d 5 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Here, however, we need not pass on whether the statements, made by defendant to the trooper, "that she was not on the phone, and that if she was on the phone, that she would pull over to use it," as attested to by the trooper, required service of a CPL 710.30 notice before being introduced into evidence at trial, since, in any event, any error was harmless because these statements could not have contributed to her conviction, as there was no significant probability that defendant would have been acquitted but for this error (see People v Reed, 154 AD2d 629 [1989]; People v Jones, 48 Misc 3d 67 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Netusil, 34 Misc 3d 137[A], 2011 NY Slip Op 52410[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Horner, 5 Misc 3d 134[A], 2004 NY Slip Op 51457[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]; see generally People v Crimmins, 36 NY2d 230 [1975]). 
By not moving for dismissal on legal insufficiency grounds at trial, defendant failed to preserve this claim for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Gray, 86 NY2d 10, 19-20 [1995]), and we decline to review it as a matter of discretion in the interest of justice (see People v Devaul, 60 Misc 3d 130[A], 2018 NY Slip Op 50993[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). However, upon a defendant's request, this court must conduct a weight of the evidence review and, thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Joyner, 126 AD3d 1002 [2015]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). If it appears that the trier of fact has given the evidence the weight it should be accorded, then the verdict should not be disturbed (see CPL 470.15 [5]; Danielson, 9 NY3d 342). Upon a review of the record, particularly the testimony of the state trooper who observed defendant speaking into a mobile telephone, which was located in her right hand near her right ear while the vehicle that she was operating was in motion—thus invoking the statutory rebuttable presumption of engaging in a call (see Vehicle and Traffic Law § 1225-c [2] [b])—which testimony the trial court found to be credible and unrebutted, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Asvazadourain, 59 Misc 3d 137[A], 2018 NY Slip Op 50567[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Tzotzchev, 43 Misc 3d 138[A], 2014 NY Slip Op 50709[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
We have considered defendant's remaining contention and find it to be similarly without [*2]merit (see CPL 460.10 [3] [e]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2019