■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE KING, Appellant. (Appeal No. 1.) [598 NYS2d 879] — Judgment unanimously affirmed. Memorandum: On the evening of December 7, 1989, the police observed defendant driving the same Cadillac that he had been driving the week before when he was stopped and warned not to drive again because he did not have a valid license. The police followed defendant to determine whether he had acquired a valid license. Defendant twice pulled over to the side of the road, the first time letting out a female passenger before driving off, and the second time, when an officer approached the car, driving off with his tires spinning and the back of the car fishtailing. The police pursued defendant in marked cars. One police vehicle was stopped at an angle in the road to block the southbound lane in which defendant was driving. Defendant drove at 25 to 30 miles per hour into the northbound lane, directly toward an officer, who did not move out of the way until the car was 10 feet from him. Another officer saw the driver slouched in the driver's seat and observed an extended arm holding a revolver. The officer drew and fired his own gun; he assumed that he hit a tire because he heard a hissing noise. The police found the car stopped on another street with the doors open and the engine running. Defendant, who had fled on foot, was arrested shortly thereafter.

We reject defendant's argument that the court erred in refusing to suppress the heroin found during a warrantless search of the automobile. The heroin was located in an unzipped pouch on the floor of the front passenger side. Because the police had the right to stop defendant to determine whether he had a valid license, the car and the pouch located therein were abandoned and not seized as the result of any illegal police activity (see, People v Buckley, 147 AD2d 898, affd 75 NY2d 843; see also, People v Martinez, 80 NY2d 444, 448-449; People v Leung, 68 NY2d 734, 736). The search also was permissible pursuant to the automobile exception. A warrantless search of an automobile is permissible when the police have lawfully arrested an occupant of that vehicle and

have reason to believe that the vehicle may contain weapons or evidence related to the arrest *(People v Belton,* 55 NY2d 49, 54-55, *rearg denied* 56 NY2d 646). Defendant concedes that the police were justified in searching for a weapon but he argues that they were not justified in searching the pouch. That argument lacks merit because the pouch was unzipped, its contents were visible, and thus the suspected drugs were in plain view.

We have examined defendant's remaining argument on appeal and find it to be lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.— Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Balio, Boomer and Davis, JJ.