People v Holt (2021 NY Slip Op 01915)





People v Holt


2021 NY Slip Op 01915


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


306 KA 15-01683

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ZONDRE HOLT, ALSO KNOWN AS ZANDREA K. HOLT, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered July 9, 2015. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The conviction arose from an incident in which defendant was found in possession of a firearm following the stop by police officers of a vehicle that he was driving.
Defendant contends that his waiver of the right to appeal is invalid and that County Court erred in denying that part of his omnibus motion seeking to suppress physical evidence and statements obtained as a result of the traffic stop. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our consideration of his suppression contention (see People v Johnson, 189 AD3d 2145, 2146 [4th Dept 2020]), we conclude that the contention lacks merit. Defendant does not dispute that the officers who performed the stop did so after observing defendant commit a traffic violation. Contrary to defendant's contention, "regardless of whether the stop was pretextual, it was lawful inasmuch as the police had probable cause to believe that the driver of the vehicle had committed a traffic violation" (People v Huddleston, 160 AD3d 1359, 1360 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]; see People v Brunson, 145 AD3d 1476, 1477 [4th Dept 2016], lv denied 29 NY3d 947 [2017]; People v Donaldson, 35 AD3d 1242, 1243 [4th Dept 2006], lv denied 8 NY3d 984 [2007]). Contrary to defendant's further contention, the officers did not improperly escalate the encounter by opening the car door while ordering defendant to exit the vehicle after he had refused. At that point in the encounter, the officers possessed probable cause to arrest defendant based upon his failure to produce a valid driver's licence (see People v Clark, 227 AD2d 983, 984 [4th Dept 1996]).
Defendant failed to preserve his remaining contention that his guilty plea was not knowing, intelligent, and voluntary (see People v Hill, 128 AD3d 1479, 1480 [4th Dept 2015], lv denied 26 NY3d 930 [2015]; People v Davis, 37 AD3d 1179, 1179 [4th Dept 2007], lv denied 8 NY3d 983 [2007]), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court