People v Brown (2021 NY Slip Op 05433)





People v Brown


2021 NY Slip Op 05433


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


835 KA 19-00076

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AKEEM BROWN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered December 3, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]), defendant contends that County Court erred in refusing to suppress physical evidence obtained from the vehicle he was driving because officers performed what defendant contends was an invalid inventory search (see generally People v Gomez, 13 NY3d 6, 10 [2009]). We reject that contention.
The testimony at the suppression hearing established that, after the officers performed a traffic stop of the vehicle, the validity of which defendant does not contest, defendant informed the officers that he did not have a driver's license and that he did not own the vehicle. At that point, one of the officers asked defendant to exit the vehicle. As defendant exited, that officer, who was standing outside the vehicle, observed what he identified as a bag containing cocaine and crack cocaine in plain view in the area between the driver's seat and the door. The officer testified that, although he originally intended to perform an inventory search of the vehicle once defendant exited, he had not yet initiated an inventory search when he observed the cocaine. Based on that observation, the officer conducted a search of the vehicle and recovered additional physical evidence from inside.
Contrary to defendant's contention, the court properly determined that no inventory search took place and that the evidence was instead lawfully seized based on what the officer observed in plain view and pursuant to the automobile exception to the search warrant requirement. The officers were permitted to ask defendant to exit the vehicle both as part of the traffic stop (see People v Garcia, 20 NY3d 317, 321 [2012]; People v Robinson, 74 NY2d 773, 775 [1989], cert denied 493 US 966 [1989]) and because they had probable cause to arrest defendant based on his failure to produce a valid driver's license (see People v Holt, 192 AD3d 1680, 1681 [4th Dept 2021], lv denied 37 NY3d 957 [2021]; see also People v Clark, 227 AD2d 983, 984 [4th Dept 1996]). When defendant exited the vehicle, the officer observed the cocaine in plain view, providing him with both a lawful basis to seize the cocaine and probable cause to search the vehicle under the automobile exception (see People v Simpson, 176 AD3d 1113, 1113 [2d Dept 2019], lv denied 34 NY3d 1162 [2020]; cf. People v Johnson, 183 AD3d 1273, 1275 [4th Dept 2020]; see generally People v King, 193 AD2d 1075, 1075-1076 [4th Dept 1993], lv denied 82 NY2d 721 [1993]), which permits officers to " 'search a vehicle without a warrant when they have probable cause to believe that evidence or contraband will be found there' " (People v Johnson, 159 AD3d 1382, 1383 [4th Dept 2018], lv denied 31 NY3d 1083 [2018]; see [*2]People v Henderson, 57 AD3d 562, 564 [2d Dept 2008], lv denied 12 NY3d 925 [2009]).
Contrary to defendant's further contention, we conclude that the negotiated sentence is not unduly harsh or severe.
Entered: October 8, 2021 Ann Dillon Flynn
Clerk of the Court