People v Williams (2021 NY Slip Op 06494)





People v Williams


2021 NY Slip Op 06494


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


817 KA 19-01444

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEE WILLIAMS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered April 2, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree and unlawful fleeing a police officer in a motor vehicle in the third degree. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed a sentence of incarceration is unanimously dismissed and the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and unlawful fleeing a police officer in a motor vehicle in the third degree (§ 270.25), defendant contends that County Court erred in refusing to suppress evidence obtained from his vehicle because officers performed what defendant contends was an invalid inventory search (see e.g. People v Gomez, 13 NY3d 6, 10-11 [2009]). We disagree.
Contrary to defendant's suggestion, the court did not conclude that the search of the vehicle was authorized as an inventory search. Instead, the court correctly determined that the search of defendant's vehicle was authorized pursuant to the automobile exception to the warrant requirement, i.e., an exception that permits officers to
" 'search a vehicle without a warrant when they have probable cause to believe that evidence or contraband will be found there' " (People v Johnson, 159 AD3d 1382, 1383 [4th Dept 2018], lv denied 31 NY3d 1083 [2018]; see People v Henderson, 57 AD3d 562, 564 [2d Dept 2008], lv denied 12 NY3d 925 [2009]). Probable cause to search a vehicle under the automobile exception may be obtained by, inter alia, the observation of contraband inside the vehicle in plain view (see People v Simpson, 176 AD3d 1113, 1113 [2d Dept 2019], lv denied 34 NY3d 1162 [2020]; cf. People v Johnson, 183 AD3d 1273, 1275 [4th Dept 2020]; see generally People v King, 193 AD2d 1075, 1075-1076 [4th Dept 1993], lv denied 82 NY2d 721 [1993]). Under these circumstances, the arresting officers obtained probable cause to search the vehicle upon the observation by one of the officers of what he identified as either heroin, Fentanyl, or a mixture of both in plain view on the driver's side floor and on the center console.
Defendant's challenge to the length of his sentence of incarceration is moot because he has already served that term (see People v Kelley, 186 AD3d 1103, 1103 [4th Dept 2020], lv denied 35 NY3d 1113 [2020]) and we dismiss that part of defendant's appeal (see People v Laney, 117 AD3d 1481, 1482 [4th Dept 2014]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court